DOWNEY, Judge.
Appellant Clenard Bryant sued appellees Brodade Development, Inc., and Brodade Construction, Inc., for injuries which he suffered as a result of an accident on a construction site in Broward County. From a final judgment entered pursuant to a directed verdict at the close of appellant’s case in chief this appeal was perfected.[1]
Brodade Development, the owner of a condominium project in Broward County *1224 known as Lauderdale Oaks, entered into a contract with Powell Forming Co., Inc., on March 24, 1971, by which Powell Forming was employed to do the vertical forming on buildings in the project. The contract, a standard AIA contract, contained the following provisions relative to the duties and responsibilities of Brodade Development and Powell Forming:
The Subcontractor shall take all reasonable safety precautions with respect to his work, shall comply with all safety measures initiated by the Contractor and with all applicable laws, ordinances, rules, regulations and orders of any public authority for the safety of persons or property in accordance with the requirements of the Contract Documents. The Subcontractor shall report within three days to the Contractor any injury to any of the Subcontractor’s employees at the site.
The Contractor shall not give instructions or orders directly to employees or workmen of the Subcontractor except to persons designated as authorized representatives of the Subcontractor.
A similar contract was entered into between Brodade Development and Concre-forms Co., by which Concreforms was employed to do the horizontal form work at the project. Brodade Construction, Inc., was hired by Brodade Development as a successor to Adams Construction Co., to monitor or oversee the progress of the construction and was listed in the application for building permit as the building contractor; the certificate of competency held by Taxter Hill, the Vice-President of Brodade Construction and the project superintendent, was being used to qualify the project for a building permit from the City of Lauderdale Lakes. Hill testified that his responsibility was to maintain schedules and to oversee the subcontractors. In addition, although he testified that each subcontractor had its own supervisors and was to be responsible for the safety of its own employees, he acknowledged that it was his responsibility to see that the subcontractors did their work in a safe manner. Brodade Construction had no contractual relationship with Powell Forming and Concreforms because they had been hired by Brodade Development.
On September 7, 1971, Bryant, a carpenter employed by Powell Forming, was working on the fourth floor of Building 14. While he was standing on one of the plywood sheets extending out from the concrete slab stripping plywood forms from a column, an employee of Concreforms knocked out a support jack from underneath the slab upon which Bryant was standing, causing him to fall four floors to the ground.
Bryant contends that the record would justify the conclusion that both appellees had a duty to supervise the safety of the job site; but in any event the appellees, having undertaken to assure the safety of the project, were liable for doing so negligently.
Appellees, on the other hand, maintain that the record is devoid of competent evidence showing either a duty on their part or the assumption of the responsibility for the safety of subcontractors’ employees by either of them.
Our study of the briefs and record leads us to the conclusion that there is no substantial competent evidence upon which a jury could affix liability on appellee Bro-dade Development. However, keeping in mind the posture of the case in the trial court when the proceeding was terminated in appellees’ favor, we cannot say that, considering all reasonable inferences which the jury could draw from the evidence, the direction of a verdict for appellee, Brodade Construction, Inc., was proper. Hill, the construction company official, testified that his company had the responsibility, among other things, to assure that the subcontractors did their work in a safe manner. Moreover, Bryant adduced evidence by an expert in safety and accident prevention, that the accident in question occurred due to a lack of supervision and conditions on the job site. Thus, viewing the evidence in the light most favorable to the plaintiff, we conclude that the direction of a verdict in favor of Brodade Construction, Inc., was error and requires a new trial.
*1225 Accordingly, the judgment in favor of Brodade Improvement, Inc., is affirmed; the judgment in favor of Brodade Construction, Inc., is reversed; and the cause is remanded for a new trial on Bryant’s claim against Brodade Construction, Inc.
AFFIRMED IN PART; REVERSED IN PART, REMANDED, with directions.
BERANEK and HERSEY, JJ., concur.

. At the outset we note that no question of workmen’s compensation is involved in this appeal.